UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE OROSZ,               )
                             )
    Plaintiff,               )   Case No.:
                             )
vs.                          )
                             )
INSIGHT GLOBAL, LLC,         )
                             )
    Defendant.               )
_____)

## COMPLAINT

Plaintiff, MELANIE OROSZ, sues Defendant, INSIGHT GLOBAL, LLC, and states as follows:

## GENERAL ALLEGATIONS

1. Defendant, INSIGHT GLOBAL, LLC ("Insight" or "Defendant") is a Georgia Limited Liability Corporation doing business in Sarasota County, Florida.

2. Plaintiff, MELANIE OROSZ ("Orosz" or "Plaintiff") is a former employee of Defendant and is a Manatee County, Florida resident. Orosz is a female.

3. This in an action to recover damages under the Equal Pay Act, 29 U.S.C. §206(d). This Court has federal question jurisdiction.

4. At all times relevant, Plaintiff Orosz worked as an employee placed by Defendant at Florida Power and Light in Sarasota County, Florida.

1

5. Plaintiff is a female who, at all times relevant, was paid less than Defendant's male employees placed at Florida Power and Light.

6. Plaintiff was placed by Defendant at Florida Power and Light in April of 2021 as an engineering specialist.

7. Defendant had also placed a least two other engineering specialists at Florida Power and Light. Once such placement was made at about the same time Plaintiff as placed, the second such placement was made around five months after Plaintiff was placed.

8. Plaintiff is at a higher tier than the male engineering specialists and has more duties. Plaintiff also trained one of the male specialists.

9. Florida Power and Light pays Insight the same or more for Plaintiff than it does for the male engineering specialists placed at Florida Power and Light.

10. Despite Florida Power and Light paying Insight the same or more for Plaintiff than for the two male engineering specialists, Insight paid Plaintiff considerably less than it paid the male engineering specialists it placed at Florida Power and Light.

11. In June and July of 2022, Plaintiff made complaints to Insight about her pay disparity.

12. On or around July 19, 2022, Insight sent Plaintiff an email telling her that her pay was increased and claiming that from July 5, 2022, Plaintiff's pay would be the same as her male comparators.

13. Insight refused to back date the raise to when the disparate pay began and maintained that Plaintiff should be happy that she finally got a raise to the same level as her lower tier comparators.

14. Insight's decision to pay Plaintiff less than her male counterparts was knowing and intentional and was done in spite of Insight receiving the same or more from Florida Power and Light for Plaintiff's placement than for the comparators' placements.

15. This action is brought pursuant to the Equal Pay Act; 29 U.S.C. §206(d).

16. At all times relevant, Defendant was an employer as defined in 29 U.S.C. Chapter 8 and Plaintiff was a covered employer.

17. Defendant, through its agents or supervisors, engaged in unlawful sexual discrimination in pay based on Plaintiff's sex (female) in violation of the Equal Pay Act.

18. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 6-14.

19. As a direct and proximate result of Defendant's knowing and intentional discriminatory pay practices against her, Orosz has suffered damages by way of unequal pay.

20. As a further direct and proximate result of Defendant's violation of the Equal Pay Act, as heretofore described, Orosz has been compelled to retain the service of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Orosz. Orosz requests that attorneys' fees and costs be awarded pursuant to 29 U.S.C. Chapter 8.

21. Orosz is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was knowing and intentional. Plaintiff is, therefore, entitled to liquidated damages equal to her actual damages.

22. Orosz demands trial by jury on all issues so triable.

Wherefore, Melanie Orosz prays this Court award judgment in her favor against Insight Global, LLC, for compensatory damages, including damages based on disparate pay, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: August 29, 2022            Respectfully Submitted,

                                  */s/ James M. Thompson*
                                  JAMES M. THOMPSON, ESQ.

FBN: 0861080
jmthompsonlegal@gmail.com
ANTONIO D. DOWELS, ESQ.
FBN: 1003436
adthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com
Thompson Legal Center, LLC.
777 S. Harbour Island Blvd., Suite 245
Tampa, FL  33602
(813) 769-3900 ▪ (813) 425-3999
Counselors for the Plaintiff Orosz